UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JENNIFER BLODGETT,** | : | |
| Plaintiff, | : | Case No.: |
| vs. | : | |
| **22 SOUTH STREET OPERATIONS, LLC, d/b/a FOX HILL CENTER,** | : | |
| Defendant. | : | MAY 9, 2017 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Jennifer Blodgett, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, 22 South Street Operations, LLC, d/b/a Fox Hill Center, respectfully alleges:

## PARTIES

1. Plaintiff, Jennifer Blodgett, was and is a citizen and resident of the State of Connecticut.

2. Defendant, 22 South Street Operations, LLC, d/b/a Fox Hill Center, was and is a limited liability company organized and existing under the laws of the State of Connecticut with a principal place of business located at 101 East State Street, Kennett Square, Pennsylvania 19348.

3. At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4. At all times material, defendant was an employer within the meaning of the ADAAA.

5. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

6. At all times material, defendant was and employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

7. At all times material, plaintiff was an eligible employee as that term is defined by the Family and Medical Leave Act of 1993 (FMLA).

8. At all times material, defendant employed fifty (50) or more employees at plaintiff's former worksite for twenty or more weeks in 2015 and 2016 in an industry affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

## JURISDICTION AND VENUE

9. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

10. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

11. The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

12. Defendant employed plaintiff.

13. Defendant owns and operates skilled nursing facilities.

14. Defendant owns and operates the Fox Hill Center located at 1253 Hartford Turnpike, Vernon, Connecticut 06066.

15. Defendant hired plaintiff in 2009.

16. Plaintiff worked as a nurse for defendant.

17. Defendant paid plaintiff $28.00 per hour and Plaintiff worked 40 hours per week.

18. Plaintiff was qualified for the job.

19. Plaintiff has a mental disability.

20. Plaintiff suffers from anxiety disorder and depression.

21. Defendant was aware of plaintiff's disability.

22. Plaintiff notified defendant that she suffered from anxiety and depression.

23. Plaintiff was under the care of a health care provider for the disability.

24. Plaintiff took prescription medication for the disability.

25. Plaintiff took a disability-related leave of absence in December 2015.

26. The leave of absence was protected under the FMLA.

27. Plaintiff was medically released to return to work in January 2016.

28. When plaintiff returned to work, defendant terminated plaintiff's employment on or about January 15, 2016.

29. Defendant's excuse for the termination was "policy violations".

30. Defendant's excuse was a pretext to mask unlawful disability discrimination and retaliation.

31. Defendant employs nurse aids.

32. A nurse aid employed by defendant was caught abusing a patient.

33. The nurse aid threw a container at the patient.

3

34. Defendant suspended the employee. Defendant did not terminate the employee.

35. A nurse aid employed by defendant arrived to work under the influence of medication.

36. Defendant did not terminate the nurse aid.

37. Nurses employed by defendant have used profanity in the workplace and have not been terminated.

38. The nurse aids and nurses cited above were employed by defendant at the same facility as the plaintiff.

39. The nurse aids and nurses cited above were working under defendant's workplace rules and policies – the same workplace rules and policies that plaintiff worked under.

40. Plaintiff performed her job at or above a satisfactory level.

41. The anxiety disorder and depression are chronic.

42. The depression and anxiety disorder substantially limits one or major life activity including concentration.

43. On or about April 8, 2016, plaintiff filed a complaint against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

44. On or about April 8, 2016, plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission (EEOC).

45. On or about March 3, 2017, plaintiff received a Release of Jurisdiction from the CHRO (copy attached hereto as Ex.1).

46. On or about May 1, 2017, plaintiff received a Right to Sue letter from the

EEOC (copy attached hereto as Ex. 2).

## FIRST COUNT
### ((Disability Discrimination in Violation Of The ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 46 above as if fully incorporated herein.

47. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

48. Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees;

(e) In that defendant discriminated against the plaintiff for requiring a reasonable accommodation;

(f) In that defendant terminated the plaintiff due to her leave of absence notwithstanding the fact the leave of absence was a reasonable accommodation;

(g) In that defendant intentionally discriminated against the plaintiff.

49. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

50. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

51. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

52. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

53. Defendant exhibited reckless indifference to the plaintiff's civil rights by terminating her employment on the basis of her disability.

## SECOND COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 53 above as if fully incorporated herein.

54. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

(b) In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

(c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of her disability;

(e)     In that defendant intentionally discriminated against the plaintiff;

(f)     In that defendant discriminated against the plaintiff for requiring a reasonable accommodation;

(g)     In that defendant terminated plaintiff's employment due to the leave of absence notwithstanding the fact that the leave of absence was a reasonable accommodation.

55.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of his disability.

56.     As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

57.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

58.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

### THIRD COUNT
**(Failure to Accommodate in Violation of the ADA Amendments Act of 2008)**

1.     Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 58 as though fully set forth herein.

59. Defendant, by and through its agents, servants, and/or employees, violated the ADA Amendments Act of 2008 in one or more of the following ways.

(a) In that defendant effectively denied a reasonable accommodation by terminating plaintiff upon her return from the leave of absence.

60. As a direct and proximate result of defendant's reasonable accommodation denial, plaintiff has been deprived of work and equal employment opportunities.

61. As a result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

62. As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

63. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's failure to accommodate

### FOURTH COUNT
**(Failure to Accommodate in Violation of C.G.S. §46a-60(a)(1))**

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 63 as though fully set forth herein.

64. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways:

(a) In that defendant effectively denied a reasonable accommodation by terminating plaintiff upon her return from the leave of absence.

65. As a result of defendant's, plaintiff has been deprived of work and equal employment opportunities because of his disability.

66. As a result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

67. As a further result of defendant's failure to , plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

68. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## FIFTH COUNT
### (Retaliation in Violation of the ADA)

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 68 as though fully set forth herein.

69. Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways.

a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

70. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to her professional reputation.

71. As a further result of defendant's retaliatory termination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

72. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

73. The defendant reckless indifference to the plaintiff's civil rights by retaliating against him.

## SIXTH COUNT
### (Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

74. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(1) *et seq.* in one or more of the following ways.

   a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

75. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to her professional reputation.

76. As a further result of defendant's retaliatory termination, plaintiff has

suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

77. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

## SEVENTH COUNT
### (Interference with the Exercise of Rights under the FMLA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

78. Plaintiff suffered from a medical condition that constituted a serious health condition as that term is defined by the FMLA.

79. Defendant, by and through its agents and/or employees, interfered with and violated plaintiff's rights under the FMLA in one or more of the following ways:

    (a) by terminating the plaintiff's employment;

    (b) by denying plaintiff's FMLA rights; and

    (c) by failing to restore the plaintiff to her original job or to an equivalent job in terms of pay, benefits, and other employment terms and conditions; and

    (d) by using the plaintiff's FMLA qualifying leave of absence as a negative factor in its decision to terminate plaintiff's employment.

80. As a direct and proximate result of defendant's wrongful acts and/or omissions, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

81. Some or all of defendant's actions have been willful.

## EIGHTH COUNT
### (FMLA Discrimination/Retaliation)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

82. Plaintiff invoked his right to FMLA-qualifying leave.

83. Defendant, by and through its agents, retaliated against the plaintiff for the exercise or attempted exercise of her rights under the FMLA in one or more of the following ways:

   (a) by terminating plaintiff's employment;

   (b) by treating the plaintiff adversely different from one or more similarly situated employees.

84. As a direct and proximate result of defendant's retaliation, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee benefits, and other expenses and financial losses that would not otherwise have been incurred.

85. Some or all of defendant's actions have been willful.

**DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, consequential damages, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; liquidated damages; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated:  May 9, 2017

_____
James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

14

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>Jennifer Blodgett</u>
**COMPLAINANT**

CHRO No. 1640398
vs.                                                                    EEOC No. 16A201601012

<u>22 South Street Operations LLC d/b/a Fox Hill Center</u>
**RESPONDENT**

## **RELEASE OF JURISDICTION**

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

*[signature: Tanya A. Hughes]*

**DATE: <u>March 3, 2017</u>**                         Tanya A. Hughes, Executive Director

cc: Complainant: Jennifer Blodgett: Jennifer1027@yahoo.com
    Complainant's Attorney: James V. Sabatini: jsabatini@sabatinilaw.com
    Respondent: Pamela Liggins: pam.liggins@genesishcc.com
    Respondent's Attorney: n/a
    Case File

# EXHIBIT 2

Case 3:17-cv-00766-VAB   Document 1   Filed 05/09/17   Page 16 of 17

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Jennifer Blodgett
62 Weaver Road
Manchester, CT 06040

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2016-01012 | Amon L. Kinsey, Jr., Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*     **Charging Party is pursuing claim in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Kenneth An*     MAY 0 1 2017

Enclosures(s)     Feng K. An, Area Office Director     *(Date Mailed)*

cc:
GENESIS HEALTHCARE
1253 Hartford Turnpike
Vernon, CT 06066

James V. Sabatini, Esq.
SABATINI & ASSOC., LLC
One Market Square
Newington, CT 06111