MANDATE

19-2396
*Blodgett v. 22 South Street Operations, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
*Judges*.

-----------------------------------------------------------------
JENNIFER BLODGETT,

       *Plaintiff-Appellant*,

v.                                                  No. 19-2396

22 SOUTH STREET OPERATIONS, LLC,

       *Defendant-Appellee*.
-----------------------------------------------------------------

MANDATE ISSUED ON 10/06/2020

Case 3:17-cv-00766-VAB   Document 93   Filed 10/06/20   Page 2 of 10... 

| | |
|---|---|
| FOR APPELLANT: | James V. Sabatini, Sabatini & Associates, LLC, Newington, CT. |
| FOR APPELLEE: | Holly L. Cini, Kaelah Marie Smith, Jackson Lewis P.C., Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor Allen Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jennifer Blodgett appeals from an order of the District of Connecticut (Bolden, *J.*), granting Defendant-Appellee's motion for summary judgment on Blodgett's claims of discrimination, retaliation, and failure to accommodate in violation of the Americans with Disabilities Act of 1990 ("ADA") and retaliation and interference with the exercise of rights under the Family and Medical Leave Act ("FMLA"). Defendant-Appellee 22 South Street Operations, LLC d/b/a Fox Hill Center ("Fox Hill"), a nursing home and rehabilitation facility in Connecticut, terminated Blodgett following a profanity-laden outburst in front of staff and residents at Fox Hill. Blodgett, who suffers from clinical depression, contends that Fox Hill's stated reason for the firing was pretextual, and that she was in fact terminated because she requested a "reasonable accommodation" – a

2

leave of absence that was protected under the FMLA – following that outburst. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

The Court reviews "a district court's grant or denial of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party." *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 34 (2d Cir. 2005). "Summary judgment is only appropriate if . . . there is no genuine material issue of fact and the moving party is entitled to judgment as a matter of law." *Id.*

## I. Blodgett's ADA Discrimination Claims

The ADA prohibits an employer from discriminating against an employee "on the basis of disability." 42 U.S.C. § 12112(a). Claims alleging adverse employment action based on disability discrimination are subject to the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). To establish a *prima facie* case of disability discrimination, a plaintiff must show by a preponderance of the evidence that (1) her "employer is subject to the ADA;" (2) she "was disabled within the meaning of the ADA;" (3) she "was otherwise

3

qualified to perform the essential functions of [her] job, with or without reasonable accommodation;" and (4) she "suffered adverse employment action because of [her] disability." *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (citation omitted). The employer must then offer admissible evidence of a legitimate non-discriminatory reason for the adverse employment action, which the plaintiff can rebut by showing evidence that the proffered reason was pretextual. *McBride*, 583 F.3d at 96.

Discrimination under the ADA also includes failing to make a reasonable accommodation. 42 U.S.C. § 12112(b)(5)(A); *McMillan*, 711 F.3d at 125. A plaintiff establishes a *prima facie* claim under a failure-to-accommodate theory if she shows that (1) she "is a person with a disability under the meaning of the ADA;" (2) "an employer covered by the statute had notice of [her] disability;" (3) "with reasonable accommodation, plaintiff could perform the essential functions of the job at issue;" and (4) "the employer has refused to make such accommodations." *McMillan*, 711 F.3d at 125–26 (quoting *McBride*, 583 F.3d at 97).

Blodgett has failed to establish a *prima facie* case of disability discrimination under any theory. First, she was not a "qualified individual" under the ADA, as she could not, "with or without reasonable accommodation, . . . perform the

4

essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Blodgett testified during a Social Security Administration hearing approximately six months after her termination that she became fully disabled on December 16, 2015, the day of her outburst, and that she remained disabled at the time of the hearing. Although a disability for the purposes of Social Security Disability Insurance ("SSDI") benefits can differ from a disability for the purposes of an ADA claim, a plaintiff "cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim" and must instead "proffer a sufficient explanation" for the discrepancy. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).

Here, the only "reasonable accommodation" that Blodgett requested was a brief period of time off following her outburst on December 16, 2015. And yet – six months later – she testified that she remained disabled. Having failed to address this discrepancy, or identify any other accommodation that might have enabled her to perform the essential functions of her job, Blodgett has not established even a *prima facie* case of disability discrimination.

But even assuming that Blodgett was qualified to perform the essential functions of her job, and even assuming that her request for a leave of absence

5

constituted a request for a reasonable accommodation, the record is clear that Fox Hill in fact *granted* her request for leave following her tirade. As a result, Blodgett has failed to demonstrate that her "employer . . . refused to make such accommodations," *McMillan*, 711 F.3d at 126, which is fatal to her *prima facie* case of disability discrimination.[1]

## II. Blodgett's ADA Retaliation Claim

An employee can establish a retaliation claim under the ADA if she shows that she "suffered an adverse employment action after – and causally connected to – [her] engagement in a protected activity." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72 (2d Cir. 2019). Here, the ostensibly protected activity was Blodgett's request for a "reasonable accommodation" of time off. As with a discrimination claim, if a plaintiff makes a *prima facie* case, her employer must "articulate a legitimate, non-retaliatory reason for the challenged employment decision." *Treglia v. Town of Manlius*, 313 F.3d 713, 721 (2d Cir. 2002). The plaintiff must then "point to evidence that would be sufficient to permit a rational factfinder to

---

[1] While Blodgett now claims that her prompt termination following her return from leave somehow deprived her of the requested accommodation, this is really a variation on her retaliation claim, which is addressed below.

6

conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Id.* (internal quotation marks omitted).

Even assuming that Blodgett has established a *prima facie* case, which is tenuous at best, she has not overcome Fox Hill's proffered non-retaliatory reason for her termination – that she flew into a violent rage, yelling at staff and patients alike, after learning of her son's firing. Her bare allegations of temporal proximity – even though she requested leave *after* her outburst – and allusion to various other employees, who she has not shown were similarly situated to her, are insufficient to overcome a motion for summary judgment. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (noting that temporal proximity, without more, is "insufficient to satisfy appellant's burden to bring forward some evidence of pretext").

### III. Blodgett's FMLA Claims

Blodgett also raises several FMLA claims. The FMLA "entitle[s] employees to take reasonable leave for medical reasons," 29 U.S.C. § 2601(b)(2), and it is unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by that law, *id.* § 2615(a)(1). Blodgett brings both an interference and a retaliation claim. The former generally addresses

7

a case in which the plaintiff's "employer has prevented or otherwise impeded [her] ability to exercise rights under the FMLA," whereas the latter "involve[s] an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and then being subjected to some adverse employment action by the employer." *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017).

To succeed on a claim of FMLA interference, a plaintiff must establish that (1) "she is an eligible employee under the FMLA;" (2) "the defendant is an employer as defined by the FMLA;" (3) "she was entitled to take leave under the FMLA;" (4) "she gave notice to the defendant of her intention to take leave;" and (5) "she was denied benefits to which she was entitled under the FMLA." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). To obtain relief, however, a litigant must show that the violation was prejudicial. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002).

Here, it is undisputed that Fox Hill (unbeknownst to Blodgett) denied Blodgett's request for FMLA leave. But it is also undisputed that Fox Hill ultimately granted Blodgett the full amount of time that she requested as "personal leave." Because she received all the time she requested and has not

otherwise shown that her personal leave was somehow inferior to leave under the FMLA, Blodgett has not shown that she was denied a benefit owed to her under the FMLA. *See Graziadio*, 817 F.3d at 424.

Blodgett's retaliation claim fares no better. Such claims are also subject to the *McDonnell Douglas* burden shifting framework. *Id.* at 429. Even assuming that Blodgett has established a *prima facie* case, she has done nothing more than show a tenuous temporal connection between her request for FMLA leave – which occurred after she was placed on administrative leave following her outburst – and her termination. While she points to alleged comparators who she claims violated hospital rules but were not terminated, she has not demonstrated that those comparators were similarly situated, as they had different roles and vastly different violations. Moreover, two of those comparators had, in fact, taken FMLA leave in the past, yet were not terminated. Accordingly, Blodgett did not rebut Fox Hill's non-retaliatory explanation for her termination.

**IV.    Blodgett's State Law Claims**

Because the district court properly dismissed Blodgett's federal claims, it did not abuse its discretion in declining to exercise supplemental jurisdiction over her claims for disability discrimination and failure to accommodate in violation of

9

the Connecticut Fair Employment Practices Act. *Klein & Co. Futures, Inc. v. Bd. of Trade of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

We have considered the rest of Blodgett's arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10